UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

AI MING HUANG,

                    Petitioner,           **MEMORANDUM & ORDER**
                                           26-CV-406 (EK)

               -against-

PAMELA BONDI, U.S. ATTORNEY GENERAL;
KRISTI NOEM, U.S. SECRETARY OF
HOMELAND SECURITY,

                    Respondents.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Ai Ming Huang has been detained by U.S. Immigration
and Customs Enforcement ("ICE").  Currently in custody in
Louisiana, she seeks a writ of habeas corpus in this Court.  To
preserve the status quo pending decision, she has applied (on an
*ex parte* basis) for a temporary restraining order that would
preclude the government from removing her from the United States
while the instant petition is pending.

        The primary thrust of Huang's petition is that the
government has detained her in reliance on an order of exclusion
that never actually issued.  She writes that on January 12, the
government invoked a 1992 Exclusion Order, but that she has
never received that document — in 1992 or since.  She also says
that she has searched the Executive Office for Immigration

Review's Automated Case Information System ("ACIS") and her

USCIS record for any indication of that order, without success.[1]

Given the likelihood that a deportation effectuated

pursuant to no lawful order would violate the due process

clause, and the harm that would result from that action, the

government is hereby directed not to remove, deport, or

otherwise transfer Ms. Huang outside the country prior to

February 4, 2026, absent further order of this Court.

In addition, the government is directed to show cause,

on or before January 29, why the interim relief sought by the

petitioner should not be continued as a preliminary injunction.

The petitioner should respond on or before February 5; and the

government should reply within three business days of the

petitioner's response.  The parties' submissions should address,

among any other subject they choose, (i) whether judicial review

of the petition is permissible in this Court, given 8 U.S.C.

§ 1252;[2] and (ii) whether venue is proper in this District, given

---

[1] This may not mean what the petitioner suggests.  The ACIS system was activated in 1995 — several years after the date of the alleged order in petitioner's case.  *See* Customer Service Initiatives, EOIR, https://www.justice.gov/eoir/customer-service-initiatives (last visited Jan. 24, 2026).  At inception, it appears to have been a telephonic system reached by toll-free number.  *Id.*  Today, the online system disclaims complete accuracy.  It states, "[n]ot all cases, or all information about a case is displayed."  Automated Case Information, EOIR, https://acis.eoir.justice.gov/en/ (last visited Jan. 23, 2026).

[2] *See, e.g.*, *Khalil v. President*, --- F.4th --- (3d Cir. 2026) (holding that where petitioner "challenges both his removal and his detention pending removal proceedings," those claims "collide with one of the INA's jurisdictional bars: 8 U.S.C. § 1252(b)(9)"); *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) (Section 1252 does not bar review when

that the petitioner is in custody in Louisiana.[3]  Petitioner is directed to serve her petition, her motion, and this order on the government by end of day on Monday, January 26, irrespective of the weather.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     January 24, 2026
           Brooklyn, New York

---

petitioner "is not seeking review of an order of removal" but rather "claims that his deportation was illegal because there was *no* order of removal."); *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006) (holding that "a petitioner who contests the very existence of an order of removal does not seek review of an order of removal within the meaning of" 8 U.S.C. § 1252).

[3] *See, e.g.*, *Khalil v. Joyce*, 771 F. Supp. 3d 268, 281-82 (S.D.N.Y. 2025) (analyzing whether petition including core and non-core habeas claims could proceed outside the district of confinement); *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 406-09 (S.D.N.Y. 2018) ("[F]or non-core challenges, courts in this Circuit have relied on a combination of venue and personal jurisdiction principles in deciding whether they have jurisdiction."); *Somir v. United States*, 354 F. Supp. 2d 215, 218-19 (E.D.N.Y. 2005) (finding venue proper in the Eastern District of New York where petitioner lived in Queens and petitioner's activities in the United States were "concentrated in this judicial district").