UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

AI MING HUANG,

                Petitioner,                **MEMORANDUM & ORDER**
                                                    26-CV-406 (EK)

               -against-

PAMELA BONDI, U.S. ATTORNEY GENERAL;
KRISTI NOEM, U.S. SECRETARY OF
HOMELAND SECURITY,

                Respondents.

---------------------------------------x
ERIC KOMITEE, United States District Judge:

       Ai Ming Huang petitions for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that (1) U.S. Immigration and Customs Enforcement detained her pursuant to a nonexistent removal order and (2) even if the removal order exists, it should be vacated for violating due process.  *See* Pet., ECF No. 1.  Petitioner's representation that there was "no direct evidence" of the 1992 Exclusion Order's existence has turned out to be factually incorrect, and for the reasons that follow, her petition is dismissed without prejudice and the order staying her removal is now vacated.

       On January 29, the Court ordered the government to produce the removal order.  ECF No. 10.  On February 5, the

government produced that order.  ECF No. 12-2, at 16.[1]

This Court cannot review the removal order or the due-process challenge to its validity.  "Judicial review of all questions of law and fact," including constitutional questions, "arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."  8 U.S.C. § 1252(b)(9).  Here, there is a final order, ECF No. 12-2, at 16, and Huang's petition arises from actions taken pursuant to that order.

However, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Sections 1252(a)(5) and 1252(b)(9), taken together, "channel all challenges to removal orders and removal proceedings to the courts of appeals."  *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019).  The Second Circuit has stated that "section 1252(a)(5) would clearly preclude the district court's entertaining of a direct challenge to a removal order."  *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).  In such cases, district courts "lack[] subject-matter jurisdiction over plaintiff's attempt to

---

[1] Pagination in documents other than briefs or letters refers to ECF pagination.

2

vacate [her] order of removal." *Leybinsky v. USCIS*, No. 19-CV-6154, 2021 WL 4407829, at *3 (E.D.N.Y. Sep. 26, 2021). Therefore, this Court is precluded from granting the relief Huang seeks — vacatur of the 1992 Exclusion Order.

For the foregoing reasons, Huang's petition is dismissed, without prejudice, for lack of subject-matter jurisdiction. *Rizvi v. Urstadt Biddle Props. Inc.*, 791 F. App'x 282, 283 n.1 (2d Cir. 2020). This Court's prior order staying her removal is hereby vacated. *Zheng v. Gonzales*, 165 F. App'x 65, 66 (2d Cir. 2006). The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    February 5, 2026
          Brooklyn, New York

3